NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0669n.06
Filed: November 4, 2008

No. 08-4316

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ROGER M. ESTILL, et al., | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | On Appeal from the United |
| | ) | States District Court for the |
| GEORGIANNA COOL, et al., | ) | Southern District of Ohio |
| | ) | |
| Defendants-Appellees. | ) | |

Before:      BOGGS, Chief Judge; and MERRITT and GRIFFIN, Circuit Judges.

**PER CURIAM:** Plaintiff Roger M. Estill filed a nominating petition to be an independent candidate for Sheriff of Holmes County, Ohio, in the November 2008 general election. After his candidacy was contested, the Holmes County Board of Elections determined that Estill did not have the qualifications to run for Sheriff under Ohio Rev. Code Ann. § 311.01(B)(8) (West 2008) because he had not been employed as a full-time peace or law enforcement officer within specified times preceding the election.[1] Estill and his wife, a registered Holmes County voter who wishes to vote for him, then filed this civil rights action challenging the constitutionality of the full-time

---

[1]Section 311.01(B)(8) also requires that a candidate for Sheriff have a valid peace officer certificate of training from one of two Ohio state commissions. Estill does not challenge the certification requirement, and there is no evidence or even an allegation that the certification requirement is being used to improperly influence the makeup of ballots for the office of Sheriff.

employment requirement. They also filed a motion for a preliminary injunction directing that Roger Estill's name be placed on the November 2008 ballot.

On September 11, 2008, the district court denied the motion for a preliminary injunction. The Estills appealed and moved in the district court for an injunction pending appeal. The district court denied that motion on September 19, 2008, and the Estills appealed that as well. On September 29, 2008, this court denied an injunction pending appeal and affirmed the denial of a preliminary injunction.

The district court then held an expedited trial on the merits beginning on October 7, 2008. At trial, the Estills argued that the full-time requirement, as applied by Ohio, is an unconstitutional ballot access restriction, and they sought a permanent injunction ordering that Roger Estill's name be added to the ballot. On October 9, 2008, the district court ruled that § 311.01(B)(8) is constitutional and denied the request for a permanent injunction. The Estills appeal this determination on the merits. Upon examination, this panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).

We review the district court's factual findings for clear error and its legal conclusions de novo. *Morrison v. Colley*, 467 F.3d 503, 506 (6th Cir. 2006). We agree with the district court's well-reasoned opinion and reject the Estills' challenge to § 311.01(B)(8).

The Estills' ballot access claim is governed by the *Anderson*/*Burdick* analytical framework, which requires us to "weigh 'the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments' against 'the precise interests put forward by the State as justifications for the burden imposed by its rule.'" *Citizens for Legislative Choice v. Miller*,

144 F.3d 916, 920-21 (6th Cir. 1998) (quoting *Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983)).

We balance these considerations by applying the level of scrutiny appropriate to the burden imposed

by the restriction. If the full-time requirement severely burdens the Estills' rights, we apply strict

scrutiny; if, instead, § 311.01(B)(8) is a "reasonable, nondiscriminatory restriction" that only

incidentally burdens their rights, we apply rational basis review. *See Citizens*, 144 F.3d at 920-21.

As a threshold issue, we note that the Estills challenge only how Ohio has interpreted and

applied the full-time requirement, not the requirement of full-time employment per se. Under Ohio

law, the local boards of election are responsible for determining whether candidates possess the

statutorily required qualifications. The Estills allege, and the state does not contest, that Ohio's local

boards of election have generally adopted a bright-line rule in applying the full-time requirement:

the candidate's employer must have classified the candidate as a full-time employee.[2] For the

purposes of this appeal, we assume that this classification rule is an accurate statement of Ohio law,

and we consider the constitutionality of both the general full-time requirement and the specific

requirement that the qualifying position be classified as full-time by the candidate's employer.

To determine the appropriate level of scrutiny, we must first determine the extent to which

§ 311.01(B)(8) burdens the Estills' First and Fourteenth Amendment rights. A ballot access

restriction is a severe burden and merits strict scrutiny unless it is content neutral and allows

---

[2]In their reply brief, the Estills argue for the first time that this is not a valid interpretation of § 311.01(B)(8). Instead, they claim that the provision requires a facts-and-circumstances investigation into whether candidates actually worked full-time according to the common understanding of that term. Even if this argument is meritorious as a matter of Ohio law, the Estills have forfeited it here because they did not make it at trial or in their primary brief.

alternative access to the political process. *See ibid.* As the district court found–and the Estills appear to concede–§ 311.01(B)(8) is a "reasonable, nondiscriminatory restriction" that does not severely burden the Estills' rights. First, full-time employment, no matter how it is measured, is not a content-based requirement: it does not consider "protected expression, party affiliation, or inherently arbitrary factors such as race, religion, or gender," and it has not been the basis of other "historical bias." *See id.* at 922. Second, the Estills have alternative means of access to the political process because Roger Estill can obtain a qualifying full-time position or run for a different office. *See id.* at 922-23. Therefore, § 311.01(B)(8) imposes only an incidental burden on the Estills' rights, and we apply rational basis review.[3] *See id.* at 921.

Under rational basis review, "plaintiffs bear the heavy burden of 'negativ[ing] every conceivable basis which might support [the legislation].'" *Hadix v. Johnson*, 230 F.3d 840, 843 (6th Cir. 2000) (alterations in original) (quoting *Heller v. Doe*, 509 U.S. 312, 320 (1993)). Given this low level of scrutiny, we generally will uphold "reasonable, nondiscriminatory restrictions" on ballot access because "'the state's important regulatory interests are generally sufficient to justify [them].'" *Citizens*, 144 F.3d at 921 (alteration in original) (quoting *Anderson*, 460 U.S. at 788). This case is no exception.

---

[3] The Estills dispute this application of the *Anderson/Burdick* framework in two ways. First, they argue that the severe/incidental burden dichotomy is inadequate for close cases, and they believe that this is such a case. Regardless of the merits of this argument, this court's and the Supreme Court's precedent have repeatedly reaffirmed the severe/incidental dichotomy. *See, e.g.*, *Citizens*, 144 F.3d at 920-21; *Clingman v. Beaver*, 544 U.S. 581, 603 (2005). Second, the Estills argue that this court need not apply rational basis review to restrictions that impose an incidental burden. Again, this court's precedent dictates otherwise. *See, e.g.*, *Citizens*, 144 F.3d at 921.

We hold that there is a rational relationship between Ohio's interest in ensuring qualified Sheriff candidates and the full-time requirement, both generally and as Ohio has applied it. Ohio could rationally believe that recent full-time experience in law enforcement is either necessary to be an adequate Sheriff or is a sufficiently strong proxy for the necessary skills that full-time experience should be required. Full-time employment suggests a certain degree of experience, training, and commitment beyond what is normally required by part-time employment. Furthermore, Ohio could rationally adopt the bright-line rule of employer classification in determining whether candidates have the requisite full-time experience. The classification rule likely identifies candidates with actual full-time experience with a high degree of accuracy while saving local boards of election resources that would otherwise be spent investigating particular candidates' actual work history. Our conclusion that the classification rule is rational is reinforced by the fact that the rule is merely one of a number of qualifications Ohio imposes on candidates for Sheriff.

The Estills object to this conclusion, arguing that the classification rule is not reasonably tailored to the goal of qualified candidates because the rule may allow some unqualified candidates while excluding some who are qualified. This is merely a disagreement with the policy choices made by the local boards of election. All bright-line rules, including the classification rule, are under- and over-inclusive. Nonetheless, bright-line rules may still be rationally related to the state's goal, and the Estills have not demonstrated that the fit between the classification rule and the goal of selecting qualified candidates is so poor that the rule is irrational.

The Estills also make a broader objection to the classification rule, claiming that it is constitutionally impermissible to deny access to the ballot based on a third-party designation or lack

thereof. This is incorrect. Third-party designations, like any other potential qualification, may be reasonably relevant to candidates' fitness for office, and that is all that the Constitution requires. Thus, for example, states may require that candidates for prosecutor or judge have law degrees, that coroner candidates have medical degrees, or that city engineer candidates have engineering degrees. Although these degrees are third-party designations, they are rationally related to candidates' qualifications for office, and therefore states may require them. As a matter of principle, designation as a full-time employee is no different.

For the reasons above, the district court's decision is AFFIRMED and the request for a permanent injunction is DENIED. The mandate will issue forthwith.